IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 2:17-14 |
| v. | |
| JUDY K. VILLANYI | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 23rd day of August, 2017, between the United States of America, as represented by United States Attorney BETH DRAKE, Assistant United States Attorney Eric Klumb; the Defendant, **JUDY K. VILLANYI**, and Defendant's attorney, E. Bart Daniel.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 2 of the Indictment now pending, which charges "Obstructing and Impeding the Due Administration of the Tax Code," a violation of Title 26, United States Code, § 7212(a).

In order to sustain its burden of proof, the Government is required to prove the following:

#### Count 2

    a. The defendant endeavored to obstruct or impede the due administration of the Internal Revenue Code; and

    b. The defendant did so corruptly, that is, with the intent to secure an unlawful benefit.

The penalty for this offense is:

      A term of imprisonment of up to 3 years, a fine of up to $250,000, and a one-year term of supervised release.

2.    The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which she is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

    B.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by her scheme or pattern

    of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

  C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. If the Court orders the Defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The Defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

  Defendant agrees that she will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that she agrees to pay as restitution (see paragraph 2b). Defendant also agrees to sign IRS Form 8821, "Tax Information Authorization."

  Defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

  The parties understand that Defendant will receive proper credit, consistent with paragraph 2 above, for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest

due from the Defendant for the time period(s) covered by this agreement or any other time period.

Defendant agrees that this agreement, or any judgment, order, release or satisfaction issued in connection with this agreement, will not satisfy, settle or compromise the Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period.

4. Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Indictment at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

5. In the event that the Court determines that the Sentencing Guideline loss includes the refund claimed on the defendant's 2009 federal income tax return, the government agrees that said loss amount overstates the seriousness of the offense and that a downward variance is appropriate for that reason.

6. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under

this Agreement and the Defendant will not have any right to withdraw her plea of guilty to the offense(s) enumerated herein.

### Merger and Other Provisions

7. The Defendant represents to the court that she has met with her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and her attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in her own behalf, or to remain silent and have no adverse inferences drawn from her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

8. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C.

§ 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

9. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

8/23/17
Date

JUDY K. VILLANYI, DEFENDANT

8/23/17
DATE

E. BART DANIEL
ATTORNEY FOR THE DEFENDANT

BETH DRAKE
UNITED STATES ATTORNEY

8/23/17
Date

ERIC KLUMB (#01671)
ASSISTANT UNITED STATES ATTORNEY

-6-

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. **This Special Assessment is due and payable at the time of the execution of the plea agreement.**

| | |
|---|---|
| | 2:17-14 |
| | JUDY K. VILLANYI |
| | $100.00 |
| | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**

OR HAND DELIVERED TO:
**Clerk's Office**
**Hollings Judicial Center**
**85 Broad Street**
**Charleston, SC 29401**  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* (***Do Not send cash***)

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*

-7-